The STATE of Ohio, Appellee,

v.

HANEY, Appellant.

[Cite as *State v. Haney* (1991), 70 Ohio App.3d 135.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–318.

Decided Dec. 19, 1991.

*S. Michael Miller,* Prosecuting Attorney, *Alan C. Travis* and *John M. Salimbene,* for appellee.

*Tyack & Blackmore Co., L.P.A.,* and *Thomas M. Tyack,* for appellant.

WHITESIDE, Judge.

Defendant-appellant, James T. Haney ("defendant"), appeals from an order of the Franklin County Court of Common Pleas overruling his motion for expungement of the record of his "acquittal" of a charge of murder by a verdict of not guilty by reason of insanity. Defendant raises two assignments of error, as follows:

"I. The court erred in journalizing an entry overruling a motion to expunge the record of conviction pursuant to § 2953.32 of the Ohio Revised Code.

"II. The trial court erred in refusing to grant the defendant's petition for expungement pursuant to the provisions of § 2953.52 of the Ohio Revised Code, the defendant having been acquitted of the underlying charge."

Defendant filed his motion for expungement pursuant to R.C. 2953.52, which provides in pertinent part as follows:

"(A)(1) Any person, who is found not guilty of an offense by a jury or a court * * * may apply to the court for an order to seal his official records in the case. * * *

"* * * *

"(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing * * *. The prosecutor may object to the granting of the application by filing an objection * * * [and] shall specify in the objection the reasons he believes justify a denial of the application.

"(2) The court shall do each of the following:

"(a) Determine whether the person was found not guilty in the case * * *;

"(b) Determine whether criminal proceedings are pending against the person;

"(c) If the prosecutor has filed an objection * * * consider the reasons against granting the application specified by the prosecutor in the objection;

"(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

"(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed * * *."

By the second assignment of error, defendant contends that the trial court erred in refusing to grant the petition since defendant had been found not guilty of the underlying charge.

In denying the application, the trial court specifically found "that there is a legitimate need that the information remain available to the government." In its written decision, the trial court stated in part:

" * * * The Court has weighed the interests of Mr. Haney against the legitimate needs of the government to maintain his records.
" * * *

"The Court finds that there is a legitimate need that the information remain available to the government. Mr. Haney shot and killed another man and the maintenance of records of that event should not be hidden from view."

By his second assignment of error, defendant contends that the trial court erred in refusing to grant his petition because the prosecution has not demonstrated sufficient need to maintain such record and because of the existence of R.C. 2953.54. That section has no direct bearing upon whether an order of expungement shall be issued but, instead, defines certain exceptions to orders which are issued, the section reading in pertinent part as follows:

"(A) Upon the issuance of an order by a court under division (B) of section 2953.52 of the Revised Code * * *:

"(1) Every law enforcement officer possessing records or reports pertaining to the case that are his specific investigatory work product and that are excepted from the definition of 'official records' contained in section 2953.51 of the Revised Code shall immediately deliver the records and reports to his employing law enforcement agency. * * *

"(2) Every law enforcement agency that possesses records or reports pertaining to the case that are its specific investigatory work product * * * shall, except as provided in division (A)(3) of this section, close the records and reports to all persons who are not directly employed by the law enforcement

agency and shall, except as provided in division (A)(3) of this section, treat the records and reports, in relation to all persons other than those who are directly employed by the law enforcement agency, as if they did not exist and had never existed. * * *

"(3) A law enforcement agency that possesses records or reports pertaining to the case that are its specific investigatory work product and that are excepted from the definition of 'official records' * * * may permit another law enforcement agency to use the records or reports in the investigation of another offense, if the facts incident to the offense being investigated by the other law enforcement agency and the facts incident to an offense that is the subject of the case are reasonably similar. * * * "

Defendant's argument is to the effect that R.C. 2953.54 renders nugatory the provision of R.C. 2953.52(B)(2)(d) and 2953.52(B)(3) that the court must make a determination as to whether the interests of the person seeking sealing of the records are not outweighed by any legitimate governmental need to maintain such records. If the only governmental need to be considered were that set forth in R.C. 2953.54, there could never be a determination that governmental needs are not outweighed by the interests of the person seeking to have the case sealed.

■ The second contention of defendant is that the burden is upon the prosecutor to file an objection and demonstrate the specific governmental need to maintain the records. However, a reading of R.C. 2953.52(B)(2) clearly indicates that the court has a duty to weigh the interest of the persons seeking sealing of the records against legitimate need of the government to maintain those records. The court must make this determination whether or not a prosecutor has filed an objection. In addition, R.C. 2953.52(B)(3) clearly suggests that the burden is upon the applicant to demonstrate that his interests in having the records pertaining to the case sealed are equal to any legitimate governmental need to maintain such records.

■ Necessarily, under this statutory provision, the determination as to whether the legitimate governmental need to maintain the records outweighs the applicant's interest in having the records sealed is a matter lying within the sound discretion of the trial court. Here, defendant has not demonstrated an abuse of discretion. An examination of the record indicates that, although there was a hearing, no evidence, only argument of counsel, was presented. The application of defendant is very simple and merely requests expungement pursuant to R.C. 2953.52 and is not supported by any affidavit. The memorandum in support states in its entirety:

"According to Section 2953.52 of the Ohio Revised Code, the applicant having been acquitted on a finding of not guilty by reason of insanity, applicant qualifies for expungement in Section 2953.52."

No special need for expungement is set forth or contended by defendant. The prosecutor in filing objections stated that:

"Based on the extremely serious nature of the offense charged and the fact that the determination at trial was not that the Applicant had not committed the offense but rather that he was insane at the time of the offense, the State is compelled to object to the granting of an expungement. The Court is urged to find * * * that under the circumstances of this case the legitimate needs of the government to maintain its records of the investigation and prosecution of the Applicant for murder outweigh his interests in having the records sealed."

At the oral hearing, counsel for defendant did state in argument (but without evidence) that defendant has functioned as a totally responsible citizen and has become a paralegal and needs the expungement to enhance job opportunities. However, no evidence was adduced supporting the argument of counsel. Defendant in other words has presented no evidence as to his interest in having the records in the case sealed other than that which is naturally true of every person who is charged with a crime and found not guilty.

Under defendant's contentions, the trial court would not have discretion to deny an application for expungement except in rare instances. The statute, however, clearly places upon the applicant the burden of demonstrating that his interests in having the records in the case sealed are at least equal to the legitimate governmental need to maintain the records. As held in *State v. Grove* (1986), 29 Ohio App.3d 318, 29 OBR 418, 505 N.E.2d 297, there is a discretion in the trial court under R.C. 2953.52. The *Grove* court further noted at 320, 29 OBR at 420, 505 N.E.2d at 299:

" * * * R.C. 2953.52 vested the court below with the discretion either to grant or deny the application for expungement. We do not choose to set forth a rule whereby the trial court must grant the application of every criminal defendant who becomes eligible to apply for an expungement. As reflected in the entry denying expungement, as well as in the transcript of the hearing on the application, the court below also presided over appellant's trial. The court therefore was in the best position to determine whether appellant was dangerous and whether the interest of the state in maintaining the records of the case outweighed appellant's interest in having the records sealed. * * * "

In *Grove*, as here, the appellant was found not guilty of murder (aggravated murder in *Grove* ). Likewise, in this case, defendant has not demonstrated

an abuse of discretion on the part of the trial court. The second assignment of error is not well taken.

The first assignment of error raises a technical issue of clerical error. In entering the order in this case based upon the trial court's written decision, a preprinted form was utilized, and the appropriate words were typed in. Unfortunately, the wrong form was chosen by the typist who typed the entry, which was not noted by the trial judge, who correctly described and explained the case in his written opinion. The entry utilized refers to expunging "the record of conviction in case number," rather than merely the record. The words "of conviction" should be deleted. Unfortunately, neither counsel has chosen to correct this obvious clerical error but, instead, submit it to this court under the first assignment of error. Obviously, to the extent that there is a clerical error by the inclusion of the words "of conviction" in the entry, it should be corrected. Accordingly, the first assignment of error is well taken to this extent and, upon remand, the entry should be corrected by deletion of the words "of conviction."

For the foregoing reasons, the first assignment of error is sustained, the second assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is affirmed, but this cause is remanded to that court with instructions to modify the entry from which this appeal is taken so as to correct the obvious clerical error by deleting therefrom the words "of conviction."

*Judgment affirmed*
*and cause remanded*
*with instructions.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.