OPINION
Defendant-appellant, Ronald L. Tyler, appeals the judgment of the Franklin County Municipal Court denying his application to seal records pertaining to his dismissed charges of assault and domestic violence.
Appellant was charged with domestic violence, in violation of R.C.2919.25(A), and assault, in violation of R.C. 2903.13(A), after an alleged altercation with his girlfriend on September 9, 1998. Appellant pled not guilty to the charges and the case was set for trial on November 30, 1998. On the date of trial, the trial court dismissed the charges due to the prosecuting witness' failure to appear. On August 15, 2000, appellant filed an application to seal records pertaining to the dismissed charges. Subsequently, the trial court held a hearing on the matter and, eventually, denied the application.
Appellant appeals, raising one assignment of error:
 THE COURT COMMITTED AN ABUSE OF DISCRETION IN DENYING APPELLANT'S APPLICATION TO SEAL OFFICIAL RECORDS AFTER A DISMISSAL OF PROCEEDINGS AGAINST HIM, WHERE THE INTEREST OF APPELLANT IN HAVING THE RECORDS SEALED WERE NOT OUTWEIGHED BY THE LEGITIMATE INTEREST OF THE GOVERNMENT IN MAINTAINING THOSE AS PUBLIC RECORDS.
Appellant's single assignment of error concerns the trial court's decision to deny his application to seal records of the dismissed assault and domestic violence charges.
R.C. 2953.52 governs the sealing of records in an action that has been dismissed. When considering the application, the trial court must, in pertinent part, "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C.2953.52(B)(2)(d). The trial court has considerable discretion when weighing the applicant's interests with the government's interests. State v. Haney (1991), 70 Ohio App.3d 135, 139.
Appellant contends that the trial court abused its discretion in denying his application because it improperly concluded that his interests do not outweigh the government's interests. Plaintiff-appellee, the state of Ohio, concedes that the trial court abused its discretion in denying the application. Appellee bases its concession on its failure to advance the governmental interests when objecting to the application. However, despite appellee's concession, the trial court was not prohibited from denying appellant's application due to appellee's failure to advance the pertinent governmental interests. We have previously held that the trial court must consider the government's interests when ruling on an application to seal criminal case records regardless of the prosecutor's failure to object and advance such interests. See Haney, at 138.
Nonetheless, for the reasons noted below, we conclude that the trial court failed to properly balance the interests of appellant and the government when ruling on appellant's application. In denying the application, the trial court concluded:
 The applicant does bear the burden of proof that his interests outweigh those of the State, and the Court finds that not to be the case here and will deny the application for sealing and expungement of this record.
After rendering the above decision, the trial court stated:
 * * * [T]hese records are determined to be public for a reason in Ohio. There's a presumption to keep records public, and I want these records kept public * * *. And in my discretion, the interests of the State in maintaining it's [sic] public record as determined policy by the Ohio General Assembly outweighs the interests expressed by your client * * *.
By concluding that a presumption exists to keep records open, the trial court considered appellant's application in a light more favorable to the government's interests than the interests of appellant.
In Dayton v. Sheibenberger (1996), 115 Ohio App.3d 529, the Second District Court of Appeals reviewed a trial court's decision to deny an application filed under R.C. 2953.52. The appellate court reversed the trial court's decision and remanded the application for a rehearing upon concluding that the trial court placed improper weight on the government's interests. Sheibenberger, at 536. The appellate court explained:
 * * * [T]he trial court is not to tip the balance in favor of the government when it is weighing the parties' relative interests. The court is to approach the parties' interests initially from an equal basis. * * * [Id.]
The holding in Sheibenberger is consistent with the language in R.C.2953.52. By requiring the trial court to simply "weigh" the interests of the applicant and the government, the statute contemplates a balancing of the interests from an equal basis. Similarly, by noting that the trial court is to balance the applicant's interests with the "legitimate needs, if any" of the government, the statute refutes a belief that the government has an underlying presumption towards keeping criminal case records open.
Because the decision in Sheibenberger is consistent with R.C. 2953.52, we may properly rely on the case's rationale that R.C. 2953.52(B)(2)(d) requires the trial court to weigh the parties' interests from an equal basis. In this case, the trial court failed to properly balance the parties' interests from an equal basis when it utilized the above noted presumption in favor of the government's interests. Therefore, we conclude that the trial court abused its discretion in denying appellant's application. As suggested in Sheibenberger, we may reverse and remand the trial court's decision because it resulted from a failure to weigh the parties' interests on an equal basis. Id., at 536.
Thus, based on the above, we sustain appellant's single assignment of error. Accordingly, we reverse the judgment of the Franklin County Municipal Court and remand this cause to the trial court for a new hearing on appellant's application.
 ________________________ KENNEDY, J.
BOWMAN and LAZARUS, JJ., concur.