OPINION
Defendant, Ronald L. Tyler, appeals an August 31, 2001 judgment of the Franklin County Municipal Court denying his application to seal the record of this proceeding. Defendant raises the following two assignments of error:
 [I.] The court committed an abuse of discretion in denying appellant's application to seal official records after a dismissal of proceedings against him, where the interests of appellant in having the records sealed were not outweighed by the legitimate interest of the government in maintaining those as public records.
 [II.] The court's findings of a legitimate governmental need to maintain the record of appellant's case was against the manifest weight of the evidence. Conversely, the court's finding that appellant demonstrated no interests in having his record sealed was against the manifest weight of the evidence.
The following facts are undisputed. Defendant was charged with domestic violence, in violation of R.C. 2919.25(A), and assault, in violation of R.C. 2903.13(A), after an alleged altercation with his former girlfriend on September 9, 1998. Defendant pled not guilty to both charges, and trial was scheduled to begin on November 30, 1998. However, although she had been properly subpoenaed, the prosecuting witness failed to appear at trial, and the charges were dismissed without objection.
On August 15, 2000, defendant filed an application asking the trial court to seal the record pertaining to the dismissed charges. Defendant's application came before the court for hearing on October 19, 2000, at which time defense counsel stated orally that the defendant is married, has two children, has a steady employment history, and had engaged in no prior or subsequent criminal conduct. In response, the state of Ohio simply claimed that it did not have any argument based upon the facts and circumstances of this particular case, but that it did have a policy of opposing all such applications where the underlying incident involved domestic violence.
After a very brief hearing, the trial court denied the defendant's application concluding:
 * * * The applicant does bear the burden of proof that his interests outweigh those of the State, and the Court finds that not to be the case here and will deny the application for sealing and expungement of this record.
* * *
 In review, these records are determined to be public for a reason in Ohio. There's a presumption to keep records public, and I want these records kept public. I don't see any reason to expunge this record, and I'm not going to do it. And in my discretion, the interests of the State in maintaining it's [sic] public record as determined policy by the Ohio General Assembly outweighs the interests expressed by your client to advance in his career. [10/19/00 Tr. pp. 4-5.]
On June 28, 2001, this court reversed the lower court's ruling, explaining that the "court had failed to properly balance the interests of appellant and the government when ruling on appellant's application." State v. Tyler (2001), Franklin App. No. 00AP-1331. Specifically, we explained that R.C. 2953.52 provides that when considering an application the trial court must "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." Id. However, when it concluded that a presumption exists, the court failed to properly balance the parties' interests from an equal basis. Accordingly, we remanded the matter to the lower court for a new hearing.
Defendant and one additional witness testified at the rehearing which took place on August 30, 2001. Defendant testified that he had led a law-abiding life and had maintained consistent full-time employment. He also testified that he worked in the insurance industry and that the existence of the arrest record would impede his ability to advance his career with his current employer and would also likely impede his ability to obtain other employment in the same industry.
The second and last witness to testify was defendant's supervisor, Jack Lewis. When questioned, Mr. Lewis stated that defendant's arrest record could adversely affect his career advancement and that it might well prevent him from obtaining a license to sell insurance outside the state of Ohio.
The state did not present any testimony, nor did it offer evidence of any prior or subsequent criminal activity by the defendant. However, it again argued that it was policy to oppose all applications for expungement involving charges of domestic violence or assault without regard to the particular facts and circumstances of the underlying incident. The state concluded, arguing that it had a need for such information at bail and bond hearings, and that law enforcement had a need for such information should the defendant be the subject of a future domestic violence investigation when the "primary aggressor" must be determined.
At the conclusion of the second hearing, the trial court again denied the defendant's request, offering the following reasons for doing so:
 However, the State in this particular hearing has offered specific interests of the State in maintaining the records. The one specific interest the State has cited was the determination for law enforcement which is required to be made pursuant to Revised Code 2935.03. That involves the requirement for the State to evaluate whether or not an individual is a primary aggressor in any given circumstance. That does require law enforcement to review all of the criteria set forth in 2935.03.
 The Applicant's counsel has indicated that if this record were sealed, that that — that it would be available to law enforcement for that purpose. However, 2953.32 specifically says it is not. 2953.32 says inspection of sealed records, if these records were to be sealed, may be made only by the following persons or for the following purposes, and it lists a number of instances in which law enforcement can obtain sealed records, none of which encompass the determination for primary aggressor within any circumstance. And as a matter of fact, a requirement for law enforcement to make that inquiry of inspection of sealed records by a law enforcement officer may be made under Section D(1), D(4), D(6), D(7), and none of those exceptions to the sealing of records indicates that this record would be available to law enforcement to conduct their mandatory inquiry in the event of future occurrences. I do find that, as well as the other matters raised by the State, to be legitimate State interests in maintaining this as a public record.
 Now, it's my responsibility to weigh that against the Applicant's interests in having this record sealed. The Applicant has presented evidence that he has not been denied any employment opportunity as a result of his record; that, in fact, he has been hired by the company for which he is currently employed with full knowledge of this record. I don't see any detrimental outcome from his record as a result of that that could have taken place regarding the employment policy of the Geico Insurance Company.
 The second witness presented by the Applicant indicated that Mr. Tyler would receive a favorable evaluation provided his work continued in the same manner that it has. This individual has full knowledge of the public record as it exists and was very candid about framing his responses in terms of possibilities, not certainties or probabilities.
 There's no company policy that would deny Mr. Tyler promotion based upon this public record. As a matter of fact, he has been hired even with this record public. There is speculation that he may in the future be denied something, but I don't have any evidence supporting that. And as a result, the Court finds that the State does have legitimate statutory interest in maintaining an accurate public record.
 This record does reflect that the case was brought and that the case was ultimately dismissed upon motion of the defense counsel for the sole reason of the witness' failure to appear at trial. There was never an adjudication on the merits of this case, there was never an acquittal of this case, but the State simply dismissed the case in that the witness failed to appear and they could not proceed forward.
 The record accurately reflects that proceeding, accurately reflects what occurred in this case. Whatever conclusions individuals wish to draw from this record would be left to them to determine. But the public record is accurate that this matter was not pursued by the State solely on the basis of the witness failing to appear for whatever reason. There's no indication of why the witness did not appear. Therefore, the applicant's interest in having this record sealed are speculative in nature.
 I have not heard anything but positive things that have happened to Mr. Tyler, even with this record in existence. And the Court finds that the State does have a legitimate public interest in maintaining the record to fulfill its responsibilities in investigations and for the other matters raised by the State considered no less important to me.
 In reviewing the statutory provisions that mandate law enforcement to conduct an investigation, consider certain factors in this investigation, and further in consideration of the fact that the expungement law and the sealing of records would interfere with and prevent a mandated
 State responsibility constitutes a legitimate interest in maintaining the record. Therefore, on all those bases, the application is denied. [8/30/01 Tr. pp. 37-40.]
In our first opinion, this court recognized that the "trial court has considerable discretion when weighing the applicant's interests with the government's interests." Id. citing State v. Haney (1991),70 Ohio App.3d 135, 139. Stated alternatively, the issue presented by the defendant's assignments of error is whether the lower court abused its discretion when it balanced the defendant's interests against those of the state, in this case concluding that the state's interest in maintaining the record outweighed those of the defendant in having the record sealed.
The term "abuse of discretion" connotes more than an error of law or judgment; rather, a finding of abuse of discretion is tantamount to a finding that the court's attitude or decision making was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217; In re Jane Doe 1 (1991), 57 Ohio St.3d 135. It is not merely poor judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. State ex rel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 590-591. Moreover, when applying the abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court because we, upon review, would have decided the matter differently. In re Jane Doe 1, supra, at 137-138; and Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
In this case, the defendant made a strong argument to the trial court in support of his application to seal the record of this proceeding. And while this court might have ruled differently had it been charged with exercising its own discretion, having reviewed the matter, we are unable to conclude that the trial court's attitude or analysis was clearly unreasonable, arbitrary, or unconscionable, or that the court demonstrated a perversity of will, passion, prejudice, partiality, or moral delinquency.
Finding no abuse of discretion, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
KLATT, J., concurs.
BOWMAN J., dissents.