OPINION
{¶ 1} Defendant-appellant, Ricky J. Newton, appeals from a judgment entry of the Franklin County Court of Common Pleas denying his application to seal the record in two criminal cases. For the following reasons, we affirm the judgment of the trial court.
{¶ 2} On April 12, 2001, appellant was indicted in case No. 01CR-2163. That indictment charged him with one count of aggravated robbery in violation of R.C. 2911.01; two counts of robbery in violation of R.C. 2911.02; one count of attempted murder in violation of R.C. 2923.02 and 2903.02; one count of felonious assault in violation of R.C. 2903.11; and one count of having a weapon while under disability in violation of R.C. 2923.13. After a trial, a jury found appellant not guilty of all charges.
{¶ 3} After the not guilty verdict, appellant moved the trial court, pursuant to R.C. 2953.52, for an order sealing the record. Appellant also sought to seal the record in another criminal matter (case No. 99CR-4758), which involved one count of carrying a concealed weapon in violation of R.C. 2923.18 and one count of receiving stolen property in violation of R.C. 2913.51. Case No. 99CR-4758 was dismissed at the state's request.
{¶ 4} The state objected to appellant's request, attaching appellant's criminal record, not disputed by appellant, that showed two fourth-degree misdemeanor convictions for disorderly conduct and criminal trespassing, and two minor misdemeanor convictions for disorderly conduct.[1] After a hearing, the trial court denied appellant's request.
{¶ 5} Appellant appeals, assigning the following error:
{¶ 6} "The trial court abused its discretion and committed reversible error by denying Defendant-Appellant's application to seal his record pursuant to R.C. 2953.52."
{¶ 7} Pursuant to R.C. 2953.52(A)(1), any person who has had a criminal indictment dismissed or had been found not guilty of an offense may request that the records of those matters be sealed. Upon the filing of such a request, R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether criminal proceedings are pending against the applicant; and (3) determine whether the prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection. Ultimately, the trial court must weigh the interest of appellant in having his records sealed against the legitimate need of the government to maintain those records. R.C. 2953.52(B)(2)(d). If the trial court determines that appellant's interest in having these records sealed are not outweighed by the government's interest in maintaining the records, then the trial court shall issue an order sealing the records. R.C. 2953.52(B)(3).
{¶ 8} This determination is a matter lying within the sound discretion of the trial court. State v. Haney (1991),70 Ohio App.3d 135, 138. We will only reverse such a determination upon the showing of an abuse of that discretion. Id.; State v. Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 9} The burden is on appellant to demonstrate that his interest in having the records sealed are equal to or greater than the government's interest in maintaining those records. Haney, supra, at 138. Appellant failed to meet his burden. Appellant's written request merely states that he meets all the requirements of R.C. 2953.52. At the oral hearing, counsel for appellant did not set forth any particular need or present any evidence supporting appellant's interest in sealing the records. He only argued that these records should be sealed because appellant was acquitted of the charges. However, this court has previously indicated that the mere fact of an acquittal does not require the sealing of records. Id. at 139, quoting State v. Grove (1986),29 Ohio App.3d 318, 320. The trial court has discretion under R.C. 2953.52 to grant or deny such a request depending upon the interests of the respective parties. Given appellant's criminal history and the absence of any evidence supporting appellant's motion, no abuse of discretion has been shown.
{¶ 10} Appellant points out that the state failed to present any evidence warranting the denial of his application. However, as noted above, it is appellant's burden to show that his interest in sealing the records is equal to or outweighs the state's interest in maintaining those records. Therefore, there is no requirement that the state present any evidence at this hearing. Haney, supra (affirming denial of expungement request even without evidence from the state). Nevertheless, the state did present the trial court with appellant's criminal history in support of its objection, which the trial court relied upon in denying appellant's request.
{¶ 11} Appellant has failed to show any interest in having his criminal records sealed. In the absence of a showing that appellant's interest in having these criminal records sealed was equal to or greater than the government's interest in maintaining such records, we cannot say that the trial court abused its discretion in denying appellant's request for expungement. Therefore, appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN, J., and TYACK, P.J., concur.
[1] Although the state erroneously identified these minor misdemeanors as domestic violence convictions in its objections, the trial court did not rely on these mischaracterizations and the state concedes the error in this appeal.