JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Rose Marie Andrasek (d.o.b. April 20, 1976) appeals on the accelerated docket from the trial court's denial of her application to seal certain criminal court records pursuant to R.C.2953.52.[1] For the reasons adduced below, we reverse.
 {¶ 2} A review of the record on appeal indicates that Andrasek was indicted on October 29, 1998, for a fifth-degree felony offense involving acts committed at a local department store. Andrasek was accepted into a county pretrial diversion program, which she completed successfully. As a result of this success, the court dismissed the felony case with prejudice on November 19, 2001.
 {¶ 3} On December 5, 2001, Andrasek filed an application to seal the records of the dismissed felony case. The state declined to file an objection to this application. See letter from the prosecutor dated March 15, 2002.
 {¶ 4} The court had the probation department prepare a report relative to the application. This report indicated that Andrasek had a 1995 misdemeanor conviction in the City of Garfield Heights for driving under the influence, and 1998 misdemeanor convictions in the City of Bedford for driving under the influence and reckless operation.
 {¶ 5} The trial court conducted a hearing on the application in open court on May 2, 2002. During this hearing the court noted the earlier convictions contained in the probation report and stated that the court, which was never made aware of those convictions, would never have referred the felony case to the diversion program had the court known of the earlier convictions at the time of the referral decision. Tr. 18, 35. The court also noted that Andrasek was not a child at the time of the 1998 commission of the Bedford offenses and was out on bond during the felony case when she was convicted of the Bedford offenses. Tr. 35.
 {¶ 6} Andrasek noted that she had completed the diversion program, made full restitution to the department store, and paid all court costs associated with the felony case. Andrasek, a single mother supporting a six-year-old son in parochial school without benefit of public assistance or court-ordered child support from the father of the child, and who attends regular meetings at Alcoholics Anonymous as she copes with a drinking problem, also indicated that she was gainfully employed and has had no other criminal offenses besides those identified herein. Andrasek sought the application to seal "so she can pursue gainful employment" and "rise above the position she is now in." Tr. 10. In other words, she hoped to better her employment prospects and advance her career, which efforts would be harmed should the record in the low-level felony matter not be sealed. Tr. 22. The state reiterated that it did not object to the sealing of the record. Tr. 17.
 {¶ 7} The court, denying the application, held "that in the interest of society and the State of Ohio that the government does have a legitimate governmental need to maintain these records and the Court is not going to issue an order sealing these records * * *." Tr. 39.
 {¶ 8} The lone assignment of error states the following: "The trial court abused its discretion in denying appellant's application to seal the record of her case pursuant to R.C. 2953.52." Appellant's brief at 1.
 {¶ 9} The standard of review for this assignment was recently provided in State v. Newton, Franklin App. Nos. 01AP-1443 and 01AP-1444, 2002-Ohio-5008, at ¶ 7-9, 2002 Ohio App. LEXIS 5034:
 {¶ 10} "[*P7] Pursuant to R.C. 2953.52(A)(1), any person who has had a criminal indictment dismissed or had been found not guilty of an offense may request that the records of those matters be sealed. Upon the filing of such a request, R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether criminal proceedings are pending against the applicant; and (3) determine whether the prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection. Ultimately, the trial court must weigh the interest ofappellant in having his records sealed against the legitimate need of thegovernment to maintain those records. R.C. 2953.52(B)(2)(d). If the trialcourt determines that appellant's interest in having these records sealedare not outweighed by the government's interest in maintaining therecords, then the trial court shall issue an order sealing the records.R.C. 2953.52(B)(3).
 {¶ 11} "[*P8] This determination is a matter lying within the sound discretion of the trial court. State v. Haney (1991),70 Ohio App.3d 135, 138, 590 N.E.2d 445. We will only reverse such a determination upon the showing of an abuse of that discretion. Id.; Statev. Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at P6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140.
 {¶ 12} "[*P9] The burden is on appellant to demonstrate that hisinterest in having the records sealed are equal to or greater than thegovernment's interest in maintaining those records. Haney, supra, at 138." (Emphasis added.)
 {¶ 13} In the present case, the only reason supporting the court's decision seems to be the presence of the driving offenses which, in the court's process of weighing the competing interests, was not, as evidenced by the court's decision, outweighed by Andrasek's demonstrated economic and career interest in having the felony record sealed. However, what exactly constituted the government's interest in maintaining the fifth-degree felony record vis-a-vis the misdemeanor convictions, or anything else for that matter, was never identified by the trial court or the state. Absent a demonstration of an overriding governmental need to maintain the felony record, we conclude that the trial court abused its discretion in not sealing the record.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant(s) recover of said appellee(s) her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] {¶ a} The relevant portions of R.C. 2953.52 include the following:
{¶ b} "(2) The court shall do each of the following:
{¶ c} "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;
{¶ d} "(b) Determine whether criminal proceedings are pending against the person;
{¶ e} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
{¶ f} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
{¶ g} "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and theinterests of the person in having the records pertaining to the casesealed are not outweighed by any legitimate governmental needs tomaintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred." (Emphasis added.)