[Cite as *State v. Betleski*, 2014-Ohio-4262.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellant

    v.

PHILLIP BETLESKI

    Appellee

C.A. No.     13CA010515

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CR077320

DECISION AND JOURNAL ENTRY

Dated: September 29, 2014

MOORE, Judge.

{¶1} Plaintiff-Appellant, the State of Ohio, appeals from the February 15, 2013 judgment entry of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} During 2003 and 2004, Defendant-Appellee, Phillip Betleski, was the payroll master for the Lorain County Recorder's Office. He was accused of illegally adjusting his own accrued vacation time, acts to which he later admitted. In 2009, Mr. Betleski, pleaded guilty to theft in office, a felony of the third degree, in violation of R.C. 2921.41(A)(1).[1] The trial court sentenced him to three years of community control and ordered him to pay restitution to Lorain County for unauthorized vacation time. Several years later, Mr. Betleski filed a motion to seal

---

[1] We note that a record of Case No. 08CR077320 was not filed in this Court other than the transcript of the hearing on Mr. Betleski's motion to seal the record of his conviction, and Mr. Betleski did not file a responsive appellate brief in this matter.

the record of his criminal conviction. After a hearing on the matter, the trial court granted his motion.

**{¶3}** The State appealed, raising one assignment of error for our consideration.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN GRANTING [MR. BETLESKI'S] APPLICATION FOR EXPUNGEMENT AND SEALING OF RECORDS OF HIS CRIMINAL CONVICTION.

**{¶4}** In its sole assignment of error, the State argues that the trial court abused its discretion in granting Mr. Betleski's motion to seal the record of his criminal conviction. Specifically, the State argues that the trial court erred by "fail[ing] to acknowledge [that] [Mr.] Betleski admitted to obtaining [employment] * * * [and] being able to obtain employment with this criminal conviction," prior to having the record sealed.

**{¶5}** R.C. 2953.32(C)(1) lists the requirements that a trial court shall follow in order to determine if an applicant is eligible to have his record of conviction sealed or expunged. "If the trial court, after complying with R.C. 2953.32(C)(1), finds that the applicant is a first time offender, that there are no other criminal proceedings pending against the applicant, and that there is not a legitimate governmental need to maintain the records which outweighs the interest of the applicant in having his record expunged or sealed, the court shall order the applicant's record expunged or sealed." *State v. Krutowsky*, 8th Dist. Cuyahoga No. 81545, 2003-Ohio-1731, ¶ 9. *See also* R.C. 2953.32(C)(2).

**{¶6}** "Every applicant, however, is not entitled to have his record expunged." *Krutowsky* at ¶ 10. "R.C. 2953.32 was amended in 1984 to provide a heightened emphasis on the applicant's interest in having his record sealed from the public." *Id*. As such, "[t]he trial

court has considerable discretion when weighing the applicant's interests with the government's interest." *Id.*, citing *State v. Tyler*, 10th Dist. Franklin No. 01AP-1055, 2002-Ohio-4300, ¶ 24, citing *State v. Haney*, 70 Ohio App.3d 135, 139 (10th Dist.1991). Therefore, we will now consider whether the trial court abused its discretion in weighing Mr. Betleski's interest against the State's. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} Here, after determining that Mr. Betleski was eligible for expungement pursuant to R.C. 2953.32(C)(1), the trial court weighed Mr. Betleski's interest in sealing his record against any legitimate governmental need to maintain the record as follows:

> Now, the State's argument is that the records should not be sealed because [Mr. Betleski] breached the public trust by advancing his own self-interest over the interests of the people in Lorain County by stealing approximately $5,600. He did that by * * * [f]orging the records to have [them] reflect that he was entitled to more vacation time than he should have been.
>
> And I think the State is concerned that if the record is expunged, that * * * the fact that he was convicted of the crime would not be public and that there would be no information available that would prevent him from seeking public employment or from running for public office. That is a major concern as I understand the State's position.
>
> And as the State pointed out, prior to the time the statute was amended, there were a number of courts in Ohio that had held that a conviction for theft in office could not be expunged because it would be against public policy, but the statute was amended. And after the amendment, the law is now that a conviction for theft in office can be expunged.
>
> * * *
>
> So in this case I have weighed the interest of [Mr. Betleski] in having the record sealed against the legitimate need of the government to maintain these records.
>
> I note that [Mr. Betleski] has successfully completed his community control and he had it terminated early. He repaid the money to Lorain County, so the public has recouped its loss.

He had and is attempting to lead a productive life and to obtain gainful employment, and there is indication that this conviction *may have prevented him from obtaining employment.*

He has freely admitted his guilt in this case. He even was willing to proceed by bill of information and waived his right to have an indictment issued by a grand jury. And so he has taken full responsibility of his actions.

He has furthered his education.

Based upon the information of the probation department, I believe he is about 57 years old. So he is at an age where I would not expect him to engage in any further criminal activity. There's nothing in his record that would indicate that he has done so in the past.

And then balanced against these interests is the government's need to assure that [Mr. Betleski] does not hold public office or employment in this case and that the public is aware of the crime that he has committed.

However, I find that even if the record is sealed, that the main concern of the State that he not be permitted to hold public office will still be served because of the statute that prohibits it and the availability [of] the records to certain groups of individuals.

\* \* \*

(Emphasis added.)

{¶8} The State's only argument on appeal is that the trial court did not properly consider whether Mr. Betleski could obtain employment with the conviction for theft in office on his record. In reviewing the trial court's colloquy, it is evident that Mr. Betleski's ability to gain employment was but one factor in the court's decision to grant the expungement. The trial court also considered Mr. Betleski's (1) successful and early completion of community control, (2) repayment of all monies to Lorain County, (3) attempt to lead a productive lifestyle, (4) admission of guilt prior to an indictment from the grand jury, (5) furtherance of his education, and (6) lack of criminal activity or a past record.

{¶9} Based upon the foregoing, and the extremely limited record before us, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in granting Mr. Betleski's application to seal his record of conviction.

{¶10} Accordingly, the State's assignment of error is overruled.

III.

{¶11} In overruling the State's sole assignment of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

TIMOTHY J. MCGINTY, Prosecuting Attorney, and ADAM M. CHALOUPKA, Assistant Prosecuting Attorney, for Appellant.

DOUGLAS W. MERRILL, Attorney at Law, for Appellee.