[Cite as *State v. Brown*, 2023-Ohio-411.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JASON E. BROWN,

        Defendant-Appellant.

**CASE NO. 2022-T-0078**

Criminal Appeal from the
Eastern District Court

Trial Court No. 2015 CRB 00269 E

**O P I N I O N**

Decided: February 13, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Benjamin R. Sorber*, Dicaudo, Pitchford & Yoder, LLC, 209 South Main Street, Third Floor, Akron, OH 44308 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}	Appellant, Jason Brown, appeals from the Trumbull County Eastern District Court after the court denied his R.C. 2953.32 motion to seal his conviction record. We affirm.

{¶2}	In 2015, appellant was charged with one count of domestic violence, a misdemeanor of the first degree in violation of R.C. 2919.25(A). Appellant entered a plea to an amended charge of menacing, a misdemeanor of the fourth degree, in violation of R.C. 2903.22. The court sentenced appellant to 30 days jail, with 28 days suspended and

credit for two days served, six months' probation, and a no contact order with the victim, Gina Fitzgerald. Appellant completed all terms of his sentence.

{¶3} On February 8, 2022, appellant filed a motion to seal his record of conviction pursuant to R.C. 2953.32. A hearing on the motion was set for March 23, 2022 and continued at the State's request to ensure the presence of Fitzgerald. On March 23, the State said, "[w]e would leave it up to the Court and just ask that you take into consideration the victim's wishes here." The matter was reset to April 14, 2022.

{¶4} At the April 14 hearing, appellant proceeded pro se. He referenced several paper documents which are not contained in the record. Appellant said that those documents were important because they painted "a picture of what really took place" at the time of his underlying conviction. The court attempted to direct appellant to focus on the statutory considerations for sealing a record of conviction rather than relitigating the incident.

{¶5} However, appellant engaged in a lengthy discourse about his menacing conviction. He said "There's two sides to every story. And unfortunately, my side of the story has never had a chance to be heard. That's why I'm here today, your honor." He continued:

> The problem here is I wasn't the only one that could have made better decisions that night, and I believe I'll prove it. Bad decisions were made by both of us. * * * I brought with me today some evidence, some evidence that is sure to drop some jaws and is guaranteed to show why this expungement should be granted, some evidence to show how Miss Fitzgerald uses this court to be a victim all while trying to snuggle up to me behind its back and take advantage of its powers.
>
> * * *

2

What I will prove beyond a reasonable doubt is that Miss Fitzgerald is just as much at fault as I am and, therefore, justification for granting this expungement.

{¶6} The court interrupted appellant to explain the purpose of a hearing to seal a record and again attempted to redirect him to that purpose. Appellant said he has "never been able to give my side of the story though."

{¶7} After appellant's testimony, the court questioned Fitzgerald. She objected to the sealing of appellant's record because his behavior continued to be erratic. She stated there had been no contact between herself and appellant since the conviction. Neither appellant nor the State asked Fitzgerald any questions.

{¶8} Probation Officer Tim Hunter testified about appellant's record and stated appellant was an eligible offender under the statute.

{¶9} The State objected to sealing appellant's record saying, "[i]t seems like he could fly off the handle at any second. And he also clearly did not want to accept any sort of blame even for something that happened so long ago."

{¶10} At the conclusion of the hearing, the State objected to the admission of appellant's documents because he did not authenticate or introduce any of the material during his testimony. The court sustained that objection and excluded the documents. Appellant's documents are not part of the record because appellant did not introduce them to the trial court.

{¶11} On May 26, 2022, the court issued an order denying appellant's motion to seal his record of conviction. The court found that appellant was an eligible offender, that more than one year had lapsed from the discharge of the offense, and that no criminal proceedings were pending against him. However, the court found that "based upon the

3

testimony and the evidence presented that the Government's need to maintain record outweighs the applicant's interest in this matter." Therefore, the court denied appellant's motion to seal his record of conviction.

{¶12} Appellant timely appealed asserting two assignments of error.

**Assignments of Error and Analysis**

{¶13} Appellant's first assignment of error states:

{¶14} "[1.] The trial court erred in denying Mr. Brown's Motion to Expunge/Seal the Record (Judgment Entry May 26, 2022, p.2)."

{¶15} Appellant argues that the trial court erred by denying his motion to seal his record of conviction. He notes that the State did not object to sealing his conviction at the first hearing date and only objected because of appellant's behavior at the April 14 hearing. He argues the State did not proffer any evidence of a "legitimate government need to maintain the record" or that appellant is likely to reoffend. He does not believe that the State has a legitimate interest in maintaining the record of conviction for a seven-year-old fourth degree misdemeanor menacing charge and that Fitzgerald's interests in maintaining the record are minimal where she acknowledged that there had been no contact between herself and appellant after the conviction.

{¶16} Prior to ordering a record of conviction sealed, R.C. 2953.32(C)(1) provides that the court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

4

Case No. 2022-T-0078

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;

(f) * * *

Here, there is no question that appellant is an eligible offender and that there were no criminal proceedings pending against appellant.

{¶17} The sealing of a criminal record is "'an act of grace created by the state,'" which is "'a privilege, not a right.'" *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, quoting *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). R.C. 2953.32 emphasizes the applicant's "interest in having the record sealed" against the public's interest in being able to review the record, which is a relevant, legitimate government need. *Id.*, citing *State v. M.D.,* 8th Dist. No. 97300, 2012-Ohio-1545, ¶ 7 and *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist. 2001). Courts "must liberally construe R.C. 2953.32 in favor of promoting the individual's interest in having the records sealed." *Id.*, citing *Hilbert*. "Sealing of a record of conviction pursuant to R.C. 2953.32 is a postconviction remedy that is civil in nature." *State v. Potts*, 11th Dist. Trumbull No. 2019-T-0038, 2020-Ohio-989, ¶ 20, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 19. There is no requirement that the court set forth its reasoning when granting or denying a motion to seal**.** *State v. Krutowsky*, 8th Dist. Cuyahoga No. 81545, 2003-Ohio-1731, ¶ 14.

5

**{¶18}** We review the trial court's decision to seal a record of conviction for an abuse of discretion. *Talameh, supra*, at ¶ 20. "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th 12 Case No. 2022-A-0040 Dist. Lake No. 2008-L-113, 2009-Ohio-208 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.,* quoting *Beechler* at ¶ 67.

**{¶19}** The applicant bears the burden of demonstrating that the interest in having the record of conviction sealed is equal to or greater than the government's need to maintain those records. *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 18, citing *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th 1990). "'[T]here is no requirement that the state present any evidence at this hearing.'" *Id.,* quoting *State v. Haney*, 70 Ohio App.3d 135, 139, 590 N.E.2d 445 (10th Dist. 1991).

**{¶20}** In addition to considering the interests of the applicant, a trial court also considers "whether the rehabilitation of the movant 'has been attained to the satisfaction of the court.' This highlights that the issue of rehabilitation is peculiarly subjective,

6

requiring great deference to the trial court on the part of a reviewing court." *State v. Brooks*, 2nd Dist. Montgomery No. 25033, 2012-Ohio-3278, ¶ 15, quoting R.C. 2953.32. "Failure of proof of rehabilitation is an independent ground upon which to deny a motion to seal, since the trial court must make both findings in the movant's favor before it seals the records." *Id.* at ¶ 28. "The most common way of proving rehabilitation is to offer proof along the lines of 'I learned my lesson, I regret having committed my criminal act, and I will never do this again,' which necessarily involves an admission of guilt. It is not, however, the only possible way to prove rehabilitation." *Id.* at ¶ 21.

**{¶21}** Appellant cites a string of cases which stand for the proposition that a trial court may not deny sealing a record of conviction based solely of the circumstances and nature of the underlying conviction. *See, e.g., State v. M.J.*, 11th Dist. No. 2018-A-0046, 2019-Ohio-1420, ¶ 23. While this is a true proposition of law, nothing in the record suggests the trial court denied his motion to seal his record of conviction because of the nature of the underlying offense.

**{¶22}** Here, appellant offered lengthy testimony to the court regarding why he believed he was entitled to have his record sealed. However, his testimony to the court was primarily focused on relitigating the underlying conviction. Appellant did acknowledge wrongdoing and stated he had completed anger management, adhered to the terms of the no contact order, and completed probation. However, in nearly the same breath, appellant minimized his actions by stating Fitzgerald was also to blame and said "justice would be served by acknowledging that we both made bad decisions that night. And therefore, I respectfully ask this Honorable Court to grant my expungement."

7

Case No. 2022-T-0078

**{¶23}** At several points, the trial court attempted to redirect appellant to focus on the factors set forth in R.C. 2953.32, yet he still focused on proving "beyond a reasonable doubt" that "Miss Fitzgerald is just as much at fault as I am, and therefore, justification for granting this expungement."

**{¶24}** Additionally, while appellant attempted to reference several character letters during the hearing, it is telling that appellant said those character references originated from a federal conviction in 2014, one year before appellant pled to the underlying menacing conviction. Further, those exhibits were not introduced at the hearing and are not available for this Court to review.

**{¶25}** Fitzgerald objected to sealing appellant's record because she did not believe he had been rehabilitated. She said, "I just don't feel that there's any change," noting appellant's continued argumentative behavior and constant need to be right. The State's objection similarly identified appellant's erratic behavior, saying that while in court it appeared appellant "could fly off the handle at any second."

**{¶26}** Where the question of rehabilitation is "peculiarly subjective," we must give great deference to the trial court. *Brooks*, 2012-Ohio-3278 at ¶ 15. This case presents an appellant whose acknowledgements of wrongdoing did not demonstrate rehabilitation, but instead demonstrated a person whose idea of justice was to continue to blame the victim of a crime seven years later. The trial court here did not articulate a lack of rehabilitation as grounds for denying appellant's motion. However, it was not required to do so. *See State v. Krutowsky*, 2003-Ohio-1731, ¶ 14. But, the record below supports a conclusion that appellant was not rehabilitated. This buttresses our conclusion that the trial court did not abuse its discretion in denying appellant's motion.

8

**{¶27}** In addition to the issue of rehabilitation, the trial court weighs the interests of the applicant against the legitimate need of the government. *State v. Shaffer,* 2010-Ohio-6565, at ¶ 12. Here, appellant focused almost exclusively on sharing the blame with Fitzgerald rather than demonstrating his interest in sealing the record even after the trial court repeatedly tried to redirect him. Appellant did not meet his burden to identify how his interest in having his conviction sealed outweighed the public's right to access the records. The State was not required to present its own evidence of what its interests were or how they outweighed appellant's. *See State v. Haney*, 70 Ohio App.3d at 139. The trial court did not abuse its discretion in denying his motion to seal his record of conviction. *See State v. Dewey,* 11th Dist. Ashtabula No. 2020-A-0036, 2021-Ohio-1005, ¶ 19.

**{¶28}** Accordingly, appellant's first assignment of error is without merit.

**{¶29}** Appellant's second assignment of error states:

**{¶30}** "[2.] The trial court erred in excluding evidence proffered by Mr. Brown during the Court's deliberations."

**{¶31}** In this assignment of error, appellant makes two arguments: first, that the trial court improperly excluded documents which he intended to use in support of sealing his record; second, that the trial court did not allow appellant to cross-examine Fitzgerald. Appellant believes that the trial court inappropriately treated the hearing as an adversarial proceeding rather than an information gathering proceeding with the essential purpose of providing a "reviewing court with all relevant information bearing on an applicant's eligibility * * *." *State v. Hamilton*, 75 Ohio St.3d 636, 641, 665 N.E.2d 669 (1996).

**{¶32}** First, we address the exclusion of appellant's documents. Evid.R. 901(A) provides: "The requirement of authentication or identification as a condition precedent to

9

admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

**{¶33}** "A trial court's ruling on the admission of evidence is generally reviewed for an abuse of discretion." *State v. Dotson*, 11th Dist. No. 2017-T-0103, 2019-Ohio-2393, 139 N.E.3d 430, ¶ 49.

**{¶34}** Here, appellant did not identify or authenticate any of the documents he sought to admit as evidence. Although several documents were mentioned obliquely throughout the hearing, no single document was identified or authenticated. Appellant failed to provide sufficient evidence to support a finding that the documents in question were what he said they were.

**{¶35}** Further, appellant's documents are not part of the record on appeal. "An appellant has the duty to ensure that the record or whatever parts thereof are necessary for the determination of the appeal are filed with the appellate court." *Aurora v. Belinger*, 11th Dist. No. 2007-P-0041, 180 Ohio App.3d 178, 2008-Ohio-6772, 904 N.E.2d 916, ¶ 30. Where the record does not contain any information about appellant's materials, we cannot conclude the trial court abused its discretion in excluding those materials.

**{¶36}** Next, we address whether the trial court denied appellant the opportunity to question Fitzgerald. As appellant has correctly noted, a hearing under R.C. 2953.32 is not an adversarial proceeding. The purpose is for the court to gather relevant information bearing on the applicant's eligibility to have a record of conviction sealed. At a hearing on a motion to seal, there is no constitutional right to cross-examine a witness or confront an accuser. *See State v. Zedak*, 9th Dist. Summit No. 15125, 1991 WL 260154, *1 (Dec. 4, 1991).

10

Case No. 2022-T-0078

{¶37} Significantly, appellant did not seek to question Fitzgerald. During the hearing, the trial court questioned Fitzgerald and neither the State nor appellant sought to cross-examine her. We will not find error here where there is no indication that the court denied appellant the opportunity to question Fitzgerald.

{¶38} Accordingly, appellant's second assignment of error is without merit.

{¶39} For the foregoing reasons, the judgment of the Trumbull County Eastern District Court is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.