THE STATE OF OHIO, APPELLEE, *v.*
GROVE, APPELLANT.

(No. C-850374 — Decided
February 19, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellee.

*Wm. Stewart Mathews II,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellant, Renee A. Grove, and her husband, Mark Grove ("Grove"), were indicted by the Grand Jury of Hamilton County for the aggravated murder of Michael John George ("George"). The pair was tried separately, each with the intervention of a jury. Grove was found guilty as charged; however, appellant was acquitted.[1]

On March 6, 1985, appellant filed an application for expungement of the records pertaining to her in the trial court, case No. B-844218. A hearing on appellant's application was held on May 21, 1985. After consideration of the application for expungement and the state's opposition thereto, the trial court denied the expungement, finding that "the government's need to maintain the records at issue outweighs the applicant's need to have the record expunged."

From the judgment of the court below, appellant brings this timely appeal in which she asserts in a solitary assignment of error that the trial court abused its discretion by denying the application for the expungement of the official record. For the reasons set forth hereafter, we find the assignment to be without merit.

The record before us suggests that there was a love triangle between appellant, Grove and George. Appellant married Grove prior to November 12, 1984. On November 12, 1984, appellant was with Grove when he purchased a twelve-gauge shotgun and two boxes of "00" buckshot. During the evening of November 14, 1984, the couple practiced firing the shotgun at an indoor shooting range.

Beginning in the mid-afternoon of November 14, 1984, appellant left three messages on George's telephone answering device, requesting that he contact her concerning a business transaction. Later, appellant and Grove spent several hours at a tavern frequented by George. At approximately 2:00 a.m. on November 15, 1984, appellant appeared alone at another tavern where George was drinking. They left together at approximately 2:25 a.m. There is further evidence in the record to suggest that Grove was secreted in the rear of appellant's automobile and that she drove to the dead end of Old Blue Rock Road. George also made his way to that location in his pickup truck, whereupon Grove shot George four times with the shotgun.[2]

R.C. 2953.52 provides in pertinent part:

"(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a

---

[1] Mark Grove appealed the judgment of conviction to this court, and we affirmed. See *State* v. *Grove* (Dec. 11, 1985), Hamilton App. No. C-850165, unreported. The transcript of the proceedings of his trial in the court below was filed in the instant appeal on May 6, 1985. This appeal pertains to Renee Grove only.

[2] The record demonstrates that George was shot by Grove initially in the buttocks as he attempted in vain to escape. The three subsequent wounds were inflicted at close range to George's head, shoulder and abdomen.

dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. * * *

"* * *

"(B)(2) The court shall do each of the following:

"* * *

"(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

"(3) If the court determines, after complying with division (B)(2) of this section, that * * * the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."

As set forth above, it is incumbent upon the court to weigh the interest of the applicant in having the records expunged against the legitimate governmental need to maintain the records.

In *Pepper Pike* v. *Doe* (1981), 66 Ohio St. 2d 374, 20 O.O. 3d 334, 421 N.E.2d 1303, the Ohio Supreme Court stated in the second paragraph of the syllabus:

"The trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter. When exercising this power, the court should use a balancing test which weighs the privacy interest of the defendant against the government's legitimate need to maintain records of criminal proceedings."

The court further observed: "[t]ypically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." (Citation omitted.) *Id.* at 377, 20 O.O. 3d at 336, 421 N.E. 2d at 1306.

While *Pepper Pike* was decided before the enactment of R.C. 2953.52 (permitting the expungement of arrest records), we find it to be applicable to the case *sub judice*.[3] In the instant case, the jury, for whatever reason, chose to acquit the appellant. R.C. 2953.52 vested the court below with the discretion either to grant or deny the application for expungement. We do not choose to set forth a rule whereby the trial court must grant the application of every criminal defendant who becomes eligible to apply for an expungement. As reflected in the entry denying expungement, as well as in the transcript of the hearing on the application, the court below also presided over appellant's trial. The court therefore was in the best position to determine whether appellant was dangerous and whether the interest of the state in maintaining the records of the case outweighed appellant's interest in having the records sealed. Accordingly, the assignment of error is overruled and the judgment of the court below is affirmed.

*Judgment affirmed.*

BLACK, P.J., DOAN and HILDEBRANDT, JJ., concur.

---

[3] R.C. 2953.52 was effective as of September 26, 1984. Prior to the enactment of that statute, the expungement statute, R.C. 2953.32, pertained only to first offenders who had been convicted and sentenced. However, the first paragraph of the syllabus of *Pepper Pike, supra,* granted jurisdiction to Ohio trial courts to seal the records in criminal cases when the charges have been dismissed with prejudice by the party initiating the proceedings.