The STATE of Ohio, Appellee,

v.

LESINSKI, Appellant.

[Cite as *State v. Lesinski* (1992), 82 Ohio App.3d 829.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–413.

Decided Oct. 9, 1992.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Charles H. Sallah,* Assistant Prosecuting Attorney, for appellee.

*Daryl Keith Rubin,* for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas denying the motion to seal the record of appellant, Melvin Lesinski. For the reasons discussed below, we affirm the decision of the trial court.

In October 1985, a United States postal inspector placed an ad in a publication called "Stan's Newsletter," attempting to identify pedophiles. The ad requested that correspondents write to the postal inspector, who was using a fictitious name.

Lesinski responded to the advertisement by mailing a letter and three photographs to the postal inspector. The letter explicitly described how Lesinski had intercourse with the eight-year-old girl depicted in the three photographs. The photographs were of the same girl: one photograph was of the girl at age five, in which she was fully clothed; and two photographs were of the girl at age two, in which she was naked from the waist down. The pictures had been taken by the girl's mother and obtained by Lesinski without the mother's permission.

Subsequently, Lesinski was indicted and found guilty of pandering obscenity involving a minor, in violation of R.C. 2907.321. On June 30, 1987, this court found the letter written by Lesinski to be obscene but reversed the conviction on the ground that R.C. 2907.321(A)(5) requires that a minor's "performance be actual in circumstances involving unpublished letters intended as private correspondence which refer to purely innocent pictures." *State v. Lesinski* (June 30, 1987), Lucas App. No. L-86-265, unreported, at 7, 1987 WL 13692.

On March 28, 1991, Lesinski filed a motion to seal the record of the criminal proceedings. On October 10, 1991, a hearing was held, and on December 5, 1991, the trial court entered judgment denying Lesinski's motion to seal the record.

It is from that judgment that Lesinski raises the following sole assignment of error:

"Whether the trial court erred in denying defendant's motion to seal the record."

█ R.C. 2953.52, which governs the sealing of the records of criminal proceedings after a finding of not guilty, provides that if a trial court determines that "the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed * * *." R.C. 2953.52(B)(3).

Further, it is within the trial court's discretion to determine whether or not to grant a motion to seal records. *State v. Grove* (1986), 29 Ohio App.3d 318, 320, 29 OBR 418, 420, 505 N.E.2d 297, 299. As the *Grove* court stated, it is the trial court that is "in the best position to determine whether appellant was

dangerous and whether the interest of the state in maintaining the records of the case outweighed appellant's interest in having the record sealed." *Id.*

In the present case, we have reviewed the record below and find the trial court did not abuse its discretion in denying Lesinski's motion to seal the record. Accordingly, the sole assignment of error is found not well taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, P.J., HANDWORK and SHERCK, JJ., concur.