[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Ottawa County Municipal Court. Appellant, Bradley Luebcke, asserts the following assignments of error:
 "I. THE COURT ERRED IN NOT GRANTING THE DEFENDANT'S MOTION TO SEAL THE RECORD OF HIS CONVICTION.
 II. THE COURT'S FINDING THAT THE DEFENDANT HAS NOT BEEN REHABILITATED IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On April 3, 1997, appellant filed a motion to seal records of his 1993 domestic violence conviction. The pertinent statute states as follows:
 "§ 2953.32 Sealing of record of conviction or bail forfeiture.
 "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record of that offender's.* Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
"* * *
 "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor for believing a denial of the application is justified.* The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.
"(C)(1) The court shall do each of the following:
 "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;
 "(b) Determine whether criminal proceedings are pending against the applicant;
 "(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
On June 4, 1997, the trial judge found appellant to be a "first offender" and that there were no criminal proceedings pending against him. The trial judge then rejected each objection raised by the state. The judge concluded that appellant had "not been rehabilitated to the satisfaction of the court." The judge then denied appellant's motion to seal records on the basis that the government's interest in maintaining the records outweighed appellant's interest in having them sealed. The court specifically stated:
 "[Domestic Violence] is a society problem, and it is one in which certainly is equivalent with a D.U.I., which is expressly prohibited from expungement by statute. But it rises to that level where this Court on an individual case-by-case basis, and I am doing that in this case,
finds that when I look at the facts of this case, circumstances of this case, the government's interest in keeping and maintaining the records open to the public are outweighed by any individual interest to seal it. I will also point specifically to, and in light of the fact that the Defendant has expressed an interest in pursuing a career in education, and thus this matter should remain open to the public for whatever probative value it may have in the future, so in sum, Mr. Rudes, I am denying the Defendant's request for relief as prayed."
A court has discretion whether or not to seal criminal records under R.C. 2953.32 and 2953.52. State v. McGinnis (1993),90 Ohio App.3d 479, 481; State v. Lesinski (1992), 82 Ohio App.3d 829,830. "Not every applicant is entitled to have his record expunged." State v. Mastin (1992), 83 Ohio App.3d 814, 816.
In his first assignment of error, appellant focuses on the trial judge's comparison of a D.U.I. conviction with a domestic violence conviction. R.C. 2953.36 specifically excludes D.U.I. convictions from the remedy of expungement. Domestic violence is not one of the offenses specifically excluded in R.C.2953.36. Appellant essentially contends the trial judge, on his own, decided that domestic violence should also be excluded from the remedy of expungement. We disagree. A review of the trial judge's reasoning in its entirety (quoted above) shows that he considered the particulars of appellant's case as opposed to ruling against him simply because he sought to expunge a conviction for domestic violence. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the court's finding that he had not been rehabilitated is against the manifest weight of the evidence. Our standard of review on this issue is not manifest weight. Rather, on review, this court must determine whether or not the trial judge abused his discretion. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 156. Once again, we conclude from the judge's reasoning as set forth in the transcript that the he did not abuse his discretion. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.