OPINION
Defendant-appellant E. K. appeals the October 14, 1998 Judgment Entry of the Canton Municipal Court which denied his motion to seal records. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
Appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. On June 16, 1998, a jury found appellant not guilty of the charge. Pursuant to R.C. 2953.52, appellant filed a motion to seal official records on July 2, 1998. Via Judgment Entry dated October 14, 1998, the trial court denied appellant's motion. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR SEALING OFFICIAL RECORDS.
In his sole assignment of error, appellant claims the trial court abused its discretion in denying his motion to seal records pursuant to R.C. 2953.52. We agree. R.C. 2953.52 vests the trial judge with discretion to grant a motion to seal the records. We agree with our brethren in State v. Grove (1986), 29 Ohio App.3d 318,505 N.E.2d 297, and State v. Lesinski (1992), 82 Ohio App.3d 829,613 N.E.2d 691, the granting of a motion to seal is not automatic upon the fulfillment of the statutory prerequisites. Our review is limited to a determination of whether or not the trial court abused its discretion in balancing the interest of appellant "against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Accordingly, we look at the totality of the circumstances in the case sub judice, to determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Appellant had no previous offense and a jury found him not guilty of the domestic violence charge. Accordingly, there is no dispute appellant met the statutory prerequisites for sealing his records. R.C. 2953.52
provides in pertinent part: (A)(1) Any person, who is found not guilty of an offense by a jury * * * may apply to the court for an order to seal his official records in the case.
* * *
(B)(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, * * * that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceeding in the case be deemed not to have occurred.
In the matter sub judice, the trial court analyzed the requirements of R.C. 2953.52, and weighed only one legitimate State interest: The evidence presented by the State indicated that when Child Protective Services becomes involved in a case they review the criminal history of a person against whom an allegation has been made. Child Protective Services is interested in knowing whether an individual had a prior charge of violence, whether or not that charge proceeded to conviction. If the child's safety becomes an issue again in the future, the action of the government may be affected by their knowledge of an ongoing pattern of problems.
The Court finds that the State does have a legitimate need in having the information of the charge against defendant remain available to the State. The child involved in the incident for which defendant was found not guilty is ten years old and will be living with his father for a number of years.
R.C. 2953.51(D), which defines "official records" subject to sealing, states in pertinent part: "Official Records" does not include records or reports maintained pursuant to section2151.421 of the Revised Code by a public children services agency or the Department of Human Services.
Because the records of Child Protective Services are not subject to sealing under R.C. 2953.52, supra, the State has advanced no legitimate interest. The record demonstrates appellant is an established entrepreneur, responsible for fourteen employees. At the hearing, appellant testified this charge would hinder his business, and would likely cause potential customers to refuse to deal with him. Because the State advanced no legitimate interest to be weighed, we find the trial court abused its discretion in denying the motion to seal the records. Appellant's assignment of error is sustained.
The judgment of the Canton Municipal Court is reversed and remanded.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur