JOURNAL ENTRY AND OPINION
{¶ 1} This appeal, which is on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, came to be heard upon the trial court record and the brief of appellant. Defendant-appellee did not file a brief. Plaintiff-appellant, the State of Ohio, appeals the lower court's granting of Lisa Osborne's pro se motion to seal the record of her conviction.
 {¶ 2} Defendant pleaded guilty to attempted preparation of drugs for sale, a first degree misdemeanor, on August 18, 1999. She later moved for expungement of the record on September 13, 2002. In opposition to this motion, the state filed a brief stating that on April 10, 2002 defendant had been convicted of wrongful entrustment, which conviction precluded her from being eligible for expungement of the prior offense. The record is not clear what the exact nature of this offense was; rather, the prosecutor merely attached to the brief opposing the motion an unauthenticated copy of a docket for the earlier case listing defendant's name and the wrongful entrustment offense.
 {¶ 3} In a judgment entry noting the state's opposition, the trial court stated as follows:
"This matter came to be heard upon Application forExpungement of applicant's conviction.
 The Court has given notice to the Prosecutor for the case andthe Probation Department and a report has been received fromthe Probation Department as to the defendant.
 The Court has considered the evidence and the reasons againstgranting the application specified in the objection, if any,filed by the prosecutor."
 {¶ 4} The court then proceeded to grant the expungement without specifically addressing the prosecutor's concerns. Although the entry states that the matter was "heard," the docket and record give no indication that a formal hearing was ever scheduled or held. Appealing the trial court's ruling granting the expungement, the state presents two assignments of error, the first of which states:
"I. A Trial court errs in ruling on a motion for expungementfiled pursuant to R.C. 2953.32 without first holding ahearing. (R.C. 2953.32(B); State v. Hamilton (1996), 75 OHIOSt.3d 363 [sic]; State v. Saltzer (1984), 14 Ohio app.3d 394,followed."
 {¶ 5} The state argues that the trial court's ruling must be reversed and remanded because the court failed to hold a hearing as required by statute. We agree. Expungement is governed by R.C.2953.32, which states in pertinent part,
"[e]xcept as provided in section 2953.61 of the Revised Code,a first offender may apply to the sentencing court ifconvicted in this state, or to a court of common pleas ifconvicted in another state or in a federal court, for thesealing of the conviction record. Application may be made atthe expiration of three years after the offender's finaldischarge if convicted of a felony, or at the expiration ofone year after the offender's final discharge if convicted ofa misdemeanor.
 ***
 (B) Upon the filing of an application under this section, thecourt shall set a date for a hearing and shall notify theprosecutor for the case of the hearing on the application.The prosecutor may object to the granting of the applicationby filing an objection with the court prior to the date setfor the hearing. The prosecutor shall specify in theobjection the reasons for believing a denial of theapplication is justified. The court shall direct its regularprobation officer, a state probation officer, or thedepartment of probation of the county in which the applicantresides to make inquiries and written reports as the courtrequires concerning the applicant." (Emphasis added.)
 {¶ 6} This court has repeatedly ruled that a hearing on an expungement motion is mandatory and failure to hold one is cause for reversal and remand. State v. Saltzer (1984),14 Ohio App.3d 394, citing State v. Powell (Apr. 1, 1982), Cuyahoga App. No. 43784 and State v. Harris (Mar. 4, 1982), Cuyahoga App. Nos. 43689, 43690, and 43691; State v. Davis, Cuyahoga App. No. 81940,2003-Ohio-1363; State v. Rebellos (May 4, 2000), Cuyahoga App. No. 77076.
 {¶ 7} This case, therefore, is reversed and remanded and shall be set for mandatory hearing with the appropriate notices to all parties. Upon remand, the trial court shall determine whether expungement is proper in this case. The first assignment of error is sustained.
 {¶ 8} The state's second assignment of error is,
"II. A trial court erred in granting a motion to seal therecord of conviction when it is without jurisdiction to grantsaid motion to an applicant who is not a first offender dueto her conviction for wrongful entrustment."
 {¶ 9} Because it failed to hold a hearing, the trial court's ruling granting expungement is invalid. As a result of our ruling on the first assignment of error, the second assignment of error is moot. At the statutorily required hearing upon remand, the court must revisit the evidence which is the subject of this assignment of error.
 {¶ 10} Reversed and remanded for a hearing consistent with this opinion.
This cause is reversed and remanded.
Timothy E. McMonagle, j., and Sean C. Gallagher, J., Concur.