DECISION.
{¶ 1} In the appeal numbered C-040637, the defendant-appellant, Antonio Spicer, challenges the order of the trial court denying his motion to have the record of his conviction for drug abuse sealed under R.C. 2953.32. In his single assignment of error, Spicer argues that the trial court abused its discretion by denying his motion, when the state failed to articulate a legitimate governmental interest for preserving public access to the record.
 {¶ 2} In the appeal numbered C-040638, Spicer appeals from the order of a different trial court denying his motion to have the record of his conviction for drug trafficking sealed under R.C. 2953.52 after this court had reversed the conviction inState v. Spicer (May 8, 1998), 1st Dist. Nos. C-970480 and C-970454. In his single assignment of error, Spicer argues that the trial court abused its discretion by not undertaking the required statutory weighing process.
 {¶ 3} For the following reasons, we overrule both assignments of error.
 Case No. B-9408151/Appeal No. C-040637 {¶ 4} After withdrawing a plea of not guilty, Spicer was convicted of drug abuse involving cocaine, a violation of R.C.2925.11, on March 20, 1995. He was sentenced to a prison term of six months, the execution of which was suspended in lieu of three years' probation, and ordered to pay a fine of $500. Additionally, his driver's license was suspended for a period of six months. On June 9, 1997, the court journalized an entry revoking his probation and ordering the execution of his six-month prison sentence.
 {¶ 5} On July 20, 2004, Spicer filed an application for expungement of his conviction under R.C. 2953.32. The state objected, noting that Spicer was only able to present himself as a first-time offender because this court, in the appeal numbered C0-40638, had reversed his conviction for aggravated drug trafficking on the ground that the state had violated his right to a speedy trial. See Spicer, supra. The state argued that although Spicer's conviction had been reversed on procedural grounds, his actual guilt as a "drug dealer" had been established by proof beyond a reasonable doubt. The state contended that Spicer was thus a first-time offender only in a formal sense, having obviously been previously convicted of a first-degree felony for which he had received a 15-year prison sentence. As viewed by the state, Spicer's history of drug abuse and drug trafficking created a legitimate governmental interest in not allowing him to be treated as the usual first offender and in preserving access to the record of his drug-abuse conviction.
 {¶ 6} The trial court denied Spicer's application to have the record sealed, citing in its journal entry not only the state's objection, but also the report of the probation department — a clear allusion to the fact that Spicer had violated the terms of his original probation and had been required to serve his six-month prison term. During the hearing on the motion to dismiss the application, the trial court additionally stated that it had reviewed the factors to be weighed in considering a motion for expungement set forth in the statute, as well as the factors discussed by the decisional law of this court. See State ex rel.Cincinnati Enquirer v. Winkler, 149 Ohio App.3d 350,2002-Ohio-4803, 777 N.E.2d 320 (Enquirer I); and State ex rel.Cincinnati Enquirer v. Winkler, 151 Ohio App.3d 10,2002-Ohio-7334, 782 N.E.2d 1247 (Enquirer II).[1]
Further, the court noted that the trial court in the case numbered B-9604397(A) had denied Spicer's motion to seal the record despite the fact that his conviction for drug trafficking had been reversed.
 {¶ 7} On appeal, Spicer concedes that the decision whether to grant expungement is consigned to the discretion of the trial court, and that this discretion has at its source the court's unique position to determine whether the applicant is deserving, or whether legitimate governmental interests weigh in favor of keeping the record of the conviction unsealed. See State v.Grove (1986), 29 Ohio App.3d 318, 320, 505 N.E.2d 297. However, Spicer argues, the court abused that discretion and further failed to make the findings required by statute. We disagree.
 {¶ 8} As for the requirement that the trial court make findings, Spicer relies upon State v. Berry (1999),135 Ohio App.3d 250, 733 N.E.2d 651, in which the Second Appellate District reversed an order denying expungement under R.C. 2953.52
for the simple reason that the charges for which the applicant had been investigated, which were later the subject of a no bill by the grand jury, had been sex offenses. The Second Appellate District deemed such a summary denial unacceptable and remanded the case to the trial court to make findings pursuant to the statutory criteria. Id. at 253, 733 N.E.2d 651.
 {¶ 9} Aside from the fact that the expungement application here arose under R.C. 2953.32, this case is notably different from Berry in that the trial court did not deny Spicer's application based upon a fixed belief that drug offenses were not amenable to expungement. Rather, the court expressly stated that it had been persuaded by the state's objection that Spicer, although technically a first offender, had been convicted of drug trafficking in another case. The court further took into account Spicer's performance on probation, as well as the fact that the trial court with jurisdiction over the record of his vacated conviction for aggravated drug trafficking had refused his application to put that record under seal. Only after weighing all these factors, and not simply the nature of the offense, did the trial court deny Spicer's application. We consider these findings sufficient to satisfy the statute.
 {¶ 10} Further, we are not persuaded that the trial court's reasoning amounted to an abuse of discretion. In order for us to conclude that the trial court committed such an abuse, we would have to be able to say that its decision was "arbitrary, unreasonable, or unconscionable." Winkler (Enquirer II),
supra, at ¶ 4, 377 N.E.2d 320; see, also, State v. Schwartz,
1st Dist. No. C-040390, 2005-Ohio-3171. Although it appears from the record that Spicer had made a commendable effort to improve his life following his release from prison, we cannot say that the trial court's decision to deny his application was completely unjustified given the evidence that his past involved more than just one minor drug transaction. Accordingly, we overrule his assignment of error in the appeal numbered C-040637.
 Case No. B-9604397(A)/Appeal No. C-040638 {¶ 11} After this court reversed Spicer's conviction for aggravated drug trafficking, the trial court denied his application to seal the record under R.C. 2953.52. That statute authorizes the trial court to seal the trial record upon application of the defendant in any case in which the defendant has either been acquitted, had charges dismissed, or been the subject of a no bill from the grand jury for a two-year period. See R.C. 2953.52(A)(1) and 2953.52(A)(2). In our previous decision in Spicer, supra, we held that the trial court had erred in denying Spicer's motion to dismiss the indictment on speedy-trial grounds, and we consequently ordered that he be discharged.
 {¶ 12} At the hearing on the application, the state argued correctly that the sealing of the trial record was not an automatic concomitant of every dismissal. See Sellers, Sealed With An Acquittal: When Not Guilty Means Never Having To Say You Were Tried, 32 Cap.U.L. Rev. 1 (2003). Prior to the passage of R.C. 2953.52, expungement was an equitable remedy reserved for extraordinary cases in which the defendant was not only acquitted, but also factually exonerated. Id. at 3. Following its enactment, this court has interpreted R.C. 2953.52 as not requiring the trial court to grant every application of every defendant acquitted. See Grove, supra: Sellers, supra, at 9-13. Rather, this court has held that the admonition of the Ohio Supreme Court in Pepper Pike v. Doe (1981), 66 Ohio St.2d 374,421 N.E.2d 1303, against the routine sealing of records should continue to guide trial courts' analyses under R.C. 2953.52. InGrove, we held that the trial court could have properly denied the defendant's application to have his trial record sealed, notwithstanding his acquittal, because the trial court remained convinced that he was a dangerous person. Grove, supra, at 320,505 N.E.2d 297.
 {¶ 13} Here, our reversal of Spicer's conviction did not constitute an exoneration of his conduct. The basis of the ultimate dismissal of the charges against him was purely the result of the state failing to comply with Ohio's speedy-trial statute. Under these circumstances, we hold that it was not an abuse of discretion for the trial court to have denied his application to seal the record of his trial. Furthermore, we hold that the trial court's judgment entry, citing the arguments made by the parties and stating that the court had weighed those arguments in the context of the statutory factors, was a sufficient statement of the court's reasoning for purposes of appellate review.
 {¶ 14} Accordingly, Spicer's single assignment of error in the appeal numbered C-040638 is overruled, and the judgments of the trial court in the appeals numbered C-040637 and C-040638 are affirmed.
Judgments affirmed.
Gorman, P.J., Painter and Sundermann, JJ.
[1] The trial court specifically referred our decision inWinkler, although that case technically involved a sealing of the record under R.C. 2953.52 rather than R.C. 2953.32.