JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant, the State of Ohio ("State"), appeals the trial court's granting the motion for expungement filed by defendant-appellee, Glenn Nowden ("Nowden"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In July 1974, Nowden pled guilty to a weapons charge.[1]
Nowden's prison sentence was suspended, and he was placed on two years' probation, ordered to serve thirty days in jail, and assessed court costs.
 {¶ 3} In June 2006, Nowden filed a motion for the expungement of his criminal record. The State filed its brief in opposition on July 17, 2006. The trial court granted Nowden's motion on July 20, 2006, without holding a hearing.
 {¶ 4} The State now appeals, raising two assignments of error. In its first assignment of error, the State argues that the trial court erred in ruling on Nowden's motion for expungement without first holding a hearing. The State requests that the court's ruling be reversed and remanded because the court failed to hold a hearing as required by statute. We agree.
 {¶ 5} Expungement is governed by R.C. 2953.32, which states in pertinent part:
 "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the *Page 3 
expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor. * * *"
 "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)
 {¶ 6} This court has repeatedly held that a hearing on an expungement motion is mandatory, and failure to hold one is cause for reversal and remand. See State v. Osborne, Cuyahoga App. No. 82577, 2003-Ohio-6162; State v. Saltzer (1984), 14 Ohio App.3d 394, 471 N.E.2d 87; State v.Davis, Cuyahoga App. No. 81940, 2003-Ohio-1363; State v. Rebello (May 4, 2000), Cuyahoga App. No. 77076.
 {¶ 7} In the instant case, the July 20, 2006 journal entry states as follows:
 "* * * This matter came to be heard upon application for expungement of applicant's conviction.
 The court has given notice to the prosecutor for the case and the probation department and a report has been received from the probation department as to the defendant.
 The court has considered the evidence and the reasons against granting the application specified in the objection, if any, filed by the prosecutor."
 {¶ 8} Although the entry states that the matter was "heard," the docket and record give no indication that a formal hearing was ever scheduled or held. *Page 4 
 {¶ 9} Therefore, this matter is reversed and remanded with instructions that a hearing be scheduled with the appropriate notice to all parties. Upon remand, the trial court shall determine whether expungement is proper in this case.
 {¶ 10} Accordingly, the first assignment of error is sustained.
 {¶ 11} In the second assignment of error, the State argues that the trial court erred in granting Nowden's expungement because he was not a first offender.
 {¶ 12} Because the trial court failed to hold a hearing, its ruling granting Nowden's expungement is invalid. As a result, the second assignment of error is not ripe for our review. Therefore, the second assignment of error is overruled.
 {¶ 13} Judgment is reversed, and case is remanded.
It is, therefore, ordered that appellant recover of appellee the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and ANN DYKE, J. CONCUR
[1] Because the record is currently sealed in the underlying case, we refer to the charge in general terms only.