{¶ 11} I respectfully dissent.
 {¶ 12} R.C. 2953.32(B) states as follows:
 "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." (Emphasis added.)
 {¶ 13} This court has repeatedly held that a hearing on an expungement motion is mandatory, and failure to hold one is cause for reversal and remand. See State v. Nowden, Cuyahoga App. No. 88605, 2007-Ohio-2914;State v. Osborne, Cuyahoga App. No. 82577, 2003-Ohio-6162; State v.Salter (1984), 14 Ohio App.3d 394, 471 N.E.2d 872; State v. Davis, Cuyahoga App. No. 81940, 2003-Ohio-1363; State v. Rebello (May 4, 2000), Cuyahoga App. No. 77076.
 {¶ 14} The journal entry in the instant case contains the following confusing
information:
 "Defendant's motion for expungement of record is granted. Defendant's [May 19, 2006] motion is opposed by the State of Ohio in its [July 31, 2006] Brief in Opposition and the parties waive oral hearing. Thus, upon the evidence presented and upon due consideration and since the State does not oppose defendant's request, defendant's 5/19/06 motion is hereby granted." *Page 7 
 {¶ 15} Rogers' motion contained a request for a hearing. And the State indicated in its brief in opposition: "Should this court contemplate granting [the] expungement, the State of Ohio requests an evidentiary hearing be conducted for purposes of appellate review." The sparse record does not reflect that the State waived the hearing despite the statement in the journal entry indicating that the parties waived the hearing. In addition, the docket does not reflect that a hearing was ever set, which the parties could then waive. The journal entry at one point reflected that the State did not oppose Rogers' motion, when in fact, the State's brief in opposition clearly opposed the expungement and requested a hearing. Furthermore, at oral argument, the assistant prosecuting attorney stated that she had not waived the hearing.[1]
 {¶ 16} The Lewis case which the majority cites is easily distinguished from the instant case. The trial judge verbally imposed restitution but did not place it in a journal entry. This may have been intentional and not a clerical error, considering the 46-year prison sentence imposed.
 {¶ 17} In the instant case, the journal entry clearly contains error — it contradicts itself by first noting opposition to the motion and next declaring "no opposition." And the record reflects both parties requested a hearing. The statute requires a hearing be scheduled. The docket contains no date scheduled for a *Page 8 
hearing at which the parties might have appeared and waived the hearing. Therefore, I would reverse and remand for the required hearing.
[1] No brief was filed by Rogers to dispute the State's position that a hearing was not waived. *Page 1