JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, the State of Ohio ("the state"), appeals the trial court's order, which granted appellee Eric Richardson's motion for sealing of conviction. After a thorough review of the arguments, and for the reasons set forth below, we reverse and remand.
 {¶ 2} Richardson was indicted on March 29, 2001 on two counts. Count one charged passing bad checks, under R.C. 2913.11, and count two charged theft, under R.C. 2913.02. On the recommendation of the state, count one was nolled. On September 18, 2001, Richardson pleaded guilty to the theft charge.
 {¶ 3} On October 18, 2001, Richardson was sentenced to one year of community control sanctions with conditions, which included: reporting to the probation department, paying court costs, paying a standard probation fee, paying a $250 fine, and paying restitution by March 2002.
 {¶ 4} On August 31, 2006, Richardson filed a motion for sealing record of conviction. On November 2, 2006, the state filed a brief in opposition to the expungement request. On November 17, 2006, without holding a hearing, the trial court granted Richardson's motion.
 {¶ 5} The state brings this appeal asserting two assignments of error for our review. *Page 4 
 {¶ 6} "I. A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C.2953.32(B); State v. Hamilton (1996), 75 Ohio St.3d 363, State v.Saltzer (1984), 14 Ohio App.3d 394, followed."
 {¶ 7} The state argues that the trial court erred when it failed to hold a hearing before ruling on the motion for expungement. We agree.
 {¶ 8} Under R.C. 2953.32(B), "upon filing of the application, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." (Emphasis added.)
 {¶ 9} The trial court did not hold a hearing on Richardson's application for expungement. The journal entry states, "This matter came on to be heard upon the application for expungement of the applicant's conviction." However, there is no indication on the docket or in the record that a formal hearing was scheduled or held. The case must be remanded to the trial court for a hearing. Accordingly, the state's first assignment of error is sustained.
 {¶ 10} "II. A trial court errs in granting a motion for expungement filed pursuant to R.C. 2953.32 when appellee does not pay, pursuant to his sentence, the court ordered restitution."
 {¶ 11} The state argues that the trial court erred when it granted the motion for expungement because Richardson did not, as required under R.C. 2953.32(A)(1), complete his sentence by paying the restitution required under his sentence. Because the trial court erred by failing to hold a hearing, the grant of expungement *Page 5 
was invalid. We need not address the effect Richardson's failure to pay restitution has on his motion for expungement. State v. Nowden, Cuyahoga App. No. 88605, 2007-Ohio-2914. The trial court must consider that issue at the hearing.
 {¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 CHRISTINE T. McMONAGLE, J., and MELODY J. STEWART, J., CONCUR
 *Page 1