[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Robinson, appeals the trial court's decision, which denied his application to seal the record, because the court failed to hold a hearing, as required under R.C. 2953.52(B)(1). After a review of the record and for the reasons set forth below, we reverse and remand.
 {¶ 2} Robinson was arrested by the North Randall Police. On June 9, 2004, the Cuyahoga County Grand Jury indicted him on two counts of rape, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. Robinson pleaded not guilty to all counts. On September 23, 2004, a jury trial was held, and the jury found him not guilty on all counts.
 {¶ 3} On April 6, 2007, Robinson filed an "Application to Seal Record Following Not Guilty Verdict" and requested an oral hearing. The state opposed the *Page 4 
application. On May 24, 2007, without holding a hearing, the trial court denied Robinson's application. On June 5, 2007, Robinson filed a motion for reconsideration, again requesting an oral hearing. The trial court denied this motion on June 11, 2007 without holding a hearing. Robinson filed his notice of appeal on June 21, 2007.
 {¶ 4} "I. The trial court erred and denied appellant due process of law when it failed to set a hearing pursuant to O.R.C. 2953.52(B)(1)."
 {¶ 5} Robinson argues that since R.C. 2953.32 mandates that the court hold an oral hearing on motions for expungement, the trial court's decision denying his application without holding a hearing must be reversed. The state concedes this point, and we agree.
 {¶ 6} A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C.2953.32(B); State v. Hamilton (1996), 75 Ohio St.3d 363, State v.Saltzer (1984), 14 Ohio App.3d 394, followed.
 {¶ 7} Under R.C. 2953.32(B), "upon filing of the application, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." (Emphasis added.)
 {¶ 8} The trial court did not hold a hearing on Robertson's application for expungement. The May 24, 2007 journal entry states, "Defendant's motin (sic) to seal record following not guilty verdict is denied." There is no indication on the *Page 5 
docket or in the record that a formal hearing was scheduled or held, as required by law, and both parties agree that no hearing was held.
 {¶ 9} Furthermore, in its June 11, 2007 journal entry, the court denied Robinson's motion for reconsideration without holding a hearing, stating only: "Defendant's motion for reconsideration of motion to seal record following not guilty verdict is denied."
 {¶ 10} The court erred by not holding a hearing on Robinson's motion for expungement. Therefore, the case must be remanded to the trial court for a hearing. Accordingly, Robinson's first assignment of error is sustained.
 {¶ 11} "II. The trial court erred and denied appellants due process of law when there is no indication it considered the factors of O.R.C. 2953.52(B)(2)."
 {¶ 12} Robinson argues that the court erred in denying his expungement without first considering the four factors permitting expungement under R.C. 2953.32. The state argues that Robinson does not automatically deserve to have his record expunged just because he was found not guilty at trial. The state further argues that this court cannot make that adjudication and must remand this case in order for the trial court to hold a hearing. We agree.
 {¶ 13} Because the trial court erred by failing to hold a hearing, the second assignment of error is not ripe for our review. State v.Nowden, Cuyahoga App. No. 88605, 2007-Ohio-2914. We cannot address the merits of the court's failure to grant Robinson an expungement before it has held a hearing, nor do we "set forth a rule
whereby the trial court must grant the application of every criminal defendant who becomes eligible to apply for an expungement." See,State v. Grove (1986), 29 Ohio App.3d 318, 505 N.E.2d 297.
 {¶ 14} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1